<u>No. 25-14171</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

PRESTON DAMSKY,
Plaintiff-Appellee.

v.

DEAN OF STUDENTS OF THE UNIVERSITY OF FLORIDA,
Defendant-Appellant,

_____

On Appeal from the United States District Court
for the Northern District of Florida
<u>No. 1:25-cv-00275-AW-MAF</u>

**<u>APPELLEE'S RESPONSE IN OPPOSITION TO EMERGENCY MOTION
FOR STAY PENDING APPEAL</u>**

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
MOUNT DORA, FL 32757
T: (352)-455-2928

*Counsel for Plaintiff-Appellee*

1

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 to 26.1-3, Plaintiff-Appellee identifies all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case:

1. ACLU Foundation-New York
2. American Civil Liberties Union
3. Bartolomucci, H. Christopher
4. Damsky, Preston
5. Dean of Students of the University of Florida
6. Fitzpatrick, Martin A.
7. Miller, Justin A.
8. Sabatini, Anthony F.
9. SABATINI LAW FIRM PA
10. SCHAERR JAFFE LLP
11. Smith, Brande S.
12. Summerlin, Chris
13. Sykes, Emerson J.
14. University of Florida
15. Winsor, Allen C.

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1, Defendant-Appellant states that no publicly traded company or corporation has an interest in the outcome of this appeal, and

no non-governmental corporation is a party to this appeal.

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
MOUNT DORA, FL 32757
T: (352)-455-2928

**Dated**: December 12, 2025

## INTRODUCTION

Defendant-Appellant seeks the extraordinary remedy of a stay pending appeal of a preliminary injunction that restores Mr. Damsky to "normal standing" at the University, subject to a bond that Mr. Damsky has already posted. The University's request should be denied because it fails to carry its burden under the governing stay factors. The district court found Mr. Damsky has a substantial likelihood of success on his First Amendment claim and that he is suffering continuing irreparable injury every day he remains unable to attend school because of his protected speech - an ongoing "direct penalization" of First Amendment rights. *Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir. 1983).

The University's motion largely re-argues the merits and speculates about non-existent "safety" consequences, but it does not demonstrate the kind of concrete, non-speculative irreparable harm required for a stay, especially where the district court already evaluated the record, rejected the University's stay request on the merits, and granted only a short administrative stay to allow the University to seek relief from this Court.

## BACKGROUND

1. The district court entered a preliminary injunction on November 24, 2025 requiring the University to return Mr. Damsky to normal standing by December 1, 2025, conditioned on a $2,500 bond.

4

2. Mr. Damsky posted the bond.

3. The University moved in the district court for a stay (or modification); the district court granted a short administrative stay through December 3, 2025 to allow the University to seek a stay from this Court, and otherwise denied the request.

4. The University now seeks an emergency stay from this Court (or a remote-only modification).

## ARGUMENT

### I. The University Has Not Shown Likelihood of Success (or even a "substantial case") sufficient to justify a stay.

The University asserts it is "likely to prevail" by reframing the merits as a "true threat" or as regulable speech under school-safety doctrines and relies on the claim that Mr. Damsky's posts were reasonably perceived as threatening. But the district court already concluded, at this preliminary stage, that Mr. Damsky "has clearly established a substantial likelihood of success" on his First Amendment claim. A stay is not a vehicle to relitigate the injunction record; the University must make a strong showing warranting extraordinary relief. It has not done so here.

Damsky is the party who is very "likely to prevail" on appeal. First because Damsky's words were not a threat. As stated in the Order on appeal, Damsky's statements "do not convey a real possibility that violence

5

will follow," when read in context. Order, Doc. 38, at 14 (quoting *Counterman*, 600 U.S. at 74.). The test Appellant must is to prove that Damsky's posts constituted a "serious expression" that he meant "to commit an act of unlawful violence." Order, Doc. 38, at 17. Appellant did not meet that test.

Furthermore, the University cannot successfully argue that Damsky's speech was materially disruptive. First, as the Eleventh Circuit has recognized, "it's not at all clear that Tinker's more lenient standard applies in the university—as opposed to the elementary- and secondary-school—setting. *Speech First v. Cartwright*, 32 F.4th 1110, 1127n.6 (11th Cir. 2022).

Secondly, Damsky's speech was clearly not threat, much less a school-directed threat. Order, Doc. 38, at 23. It was off campus speech that had nothing to do with the University of Florida. Nothing in the record suggests the speech was school directed at all. Without a showing that Damsky's speech constituted a school-directed threat, the University is left without much of a "disruption" argument under *Tinker*. Order, Doc. 38, at 24. The University fact did not articulate any other basis under *Tinker* to discipline Damsky for his speech; the entirety of its disruption argument is tied to the purported threat. *Id.*, 24.

II. The University Has Not Demonstrated Irreparable Harm Absent a Stay.

The University incorrectly argues it will suffer irreparable harm because in-person reinstatement would require "immediate and substantial security measures" and risks "disruption" during the appeal. Nothing in the record suggests this—and generalized, speculative fears are not enough. The district court already considered the University's asserted operational and security interests and still granted injunctive relief.

While the University fails in its argument that it will suffer irreparable harm, Damsky has clearly established irreparable harm in the form of his lost free speech rights. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); see also, e.g., Otto v. City of Boca Raton, 981 F.3d 854, 870, (11th Cir. 2020) (noting that, "as a necessary legal consequence of" establishing an unconstitutional "direct penalization" of speech, plaintiff established irreparable injury).

III. The Balance of Harms and Public Interest Favor Denying a Stay.

Mr. Damsky is suffering an ongoing constitutional injury and will continue to until this case is complete. The district court recognized irreparable harm exists because he "remains unable to attend school because of what he said," and that "every day he is being penalized for his speech." Order, Doc. 38, at 26. That continuing deprivation of First

Amendment rights is classic irreparable harm and outweighs the University's asserted administrative concerns.

The University also claims that if Mr. Damsky ultimately prevails, he can just "resume his studies" (Motion, at 25) later and that "delay" is not irreparable, but that argument misapprehends the harm at issue: this case concerns *ongoing* punishment for protected expression and the attendant loss of First Amendment rights now, not merely "delay" in completing a degree.

When the government seeks to suspend a federal court order remedying an ongoing constitutional violation, the public interest favors immediate protection of constitutional rights, not prolonged enforcement of unlawful retaliation.

Because the third and fourth required elements of a preliminary injunction "merge with the public interest," and because the vindication of First Amendment rights always serves the public interest, the motion for a stay should be denied. *See Florida v. Dep't of Health & Hum. Servs.*, 19 F.4th 1271, 1293 (11th Cir. 2021).

## IV. The Court Should Reject the University's Alternative Request to "Modify" the Injunction to Remote-Only Enrollment.

The University's alternative proposal—remote enrollment with a ban on physical presence—would continue the very exclusion from campus the injunction was designed to remedy and would preserve the retaliatory penalty during the appeal. The University has not shown why it is entitled to rewrite the district court's tailored equitable relief through an emergency motion in this Court.

<u>CONCLUSION</u>

For the foregoing reasons, Appellee respectfully requests that the Court **DENY** Defendant–Appellant's Emergency Motion for Stay Pending Appeal (and **DENY** the alternative request for modification).

**Date**: December 12, 2025

Respectfully submitted,

*/s/ Anthony F. Sabatini*
ANTHONY F. SABATINI, ESQ.
FL BAR No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
MOUNT DORA, FL 32757
T: (352)-455-2928
Counsel for Appellee

## CERTIFICATE OF COMPLIANCE

The foregoing document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1497 words.

This document also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Palatino font.

                                              */s/ Anthony F. Sabatini*
                                              ANTHONY F. SABATINI, ESQ.
                                              December 12, 2025

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all counsel of record electronically by this Court's CM/ECF system.

                                              */s/ Anthony F. Sabatini*
                                              ANTHONY F. SABATINI, ESQ.
                                              December 12, 2025